IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSHAY JOHNSON,

        Petitioner,                                                 No. CIV S-11-2748 GGH P

    vs.

BOARD OF PAROLE HEARINGS, et al.,        ORDER

        Respondents.

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2009 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

        On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, \_\_\_ U.S. \_\_\_, 131 S. Ct. 859, 861 (2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id. While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable

\\\\

1

application of our cases" (while explicitly not reviewing that holding),[1] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862.  Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process:  They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862.  "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence"

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court is not bound by Hayward.

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

rule into a substantive federal requirement." Id., at 862. The Ninth Circuit recently noted that in light of Swarthout v. Cooke, certain Ninth Circuit jurisprudence had been reversed and "there is no substantive due process right created by California's parole scheme." Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011). Thus, there is no federal due process requirement for a "some evidence" review and federal courts are precluded from review of the state court's application of its "some evidence" standard.[3]

Several of petitioner's claims are foreclosed by Swarthout and therefore must be dismissed for the reasons set forth above. Petitioner also raises an ex post facto claim regarding Proposition 9 that changed California Penal Code § 3041.5(b)(2) which resulted in sometimes less-frequent parole hearings for inmates who have served enough of their sentence to be at least eligible for parole. This claim is not properly brought in habeas petition and petitioner is part of the class action, Gilman v. Fisher, CIV-S-05-0830 LKK GGH, that is challenging Proposition 9. Therefore his claim should be dismissed without prejudice.[4]

---

[3] The court notes some perversity in the result here. Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985). Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint. Nevertheless, such is the state of the law.

[4] A member of a class action seeking equitable relief cannot raise those same claims in a separate equitable action. Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979). See also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action. To permit them would allow interference with the ongoing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudication."). Indeed, "[a] district court has inherent power to choose among its broad arsenal of remedies when confronted with situations where, as here, continued litigation of a matter would create undue hardship on the litigating parties, or would improvidently circumscribe the actions of another court handling a prior certified action." Crawford, 599 F.2d at 892 (quoting Tate v. Werner, 68 F.R.D. 513, 520 (E.D. Pa 1975). Moreover, "increasing calender congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties." Finally, it makes little sense to adjudicate the issue under an AEDPA reasonableness standard here when the class action will proceed under a de novo review.

1    Petitioner's claim that his right to confrontation was violated as unsworn hearsay
2 testimony was provided must also be denied.  The court is not aware of any Supreme Court
3 authority applying confrontation principles to parole proceedings.  The court notes that petitioner
4 was not entitled to a jury trial or proof beyond a reasonable doubt in his parole proceedings.
5 United States v. Knights, 534 U.S. 112, 120, 122 S.Ct. 587 (2001) (no right to jury trial or proof
6 beyond a reasonable doubt in proceedings to revoke probation); United States v.
7 Huerta–Pimentel, 445 F.3d 1220, 1225 (9th Cir. 2006) (a judge's finding by a preponderance of
8 the evidence that a defendant violated the conditions of supervised release does not raise a
9 concern regarding the Sixth Amendment); see also Swarthout v. Cooke, 131 S.Ct. at 862.
10 Instead, petitioner was entitled to the relatively minimal processes of Greenholtz.  Therefore, this
11 does not state a viable claim for habeas relief.

12    Petitioner also raises several claims that he was denied the right to be heard at the
13 BPH hearing.  As previously stated, the Supreme Court held that a prisoner had "received
14 adequate process" when "allowed an opportunity to be heard" and "provided a statement of the
15 reasons why parole was denied."  Swarthout v. Cooke, at 862.  Noting their holding therein that
16 "[t]he Constitution [] does not require more," the justices in the instances before them, found the
17 prisoners had "received at least this amount of process:  They were allowed to speak at their
18 parole hearings and to contest the evidence against them, were afforded access to their records in
19 advance, and were notified as to the reasons why parole was denied."  Id.

20    In the instant case, petitioner's claims are difficult to discern.  Part of petitioner's
21 claim appears to be that at the end of the hearing, the BPH denied parole and laid out reasons
22 why, but petitioner was not given an opportunity to rebut the BPH's specific reasoning.
23 However, it seems that petitioner had the opportunity to be heard during the hearing, but not after
24 the BPH issued its decision at the conclusion of the hearing.  Petitioner states he was able to
25 present documentary evidence and the BPH reviewed it, but used a statement from the evidence
26 out of context against petitioner, but did not give him a chance to respond.  It appears, but the

court cannot be certain that petitioner was allowed to be heard at his hearing and present evidence, but petitioner claims that he was not given multiple opportunities to be heard. Therefore, the petition is dismissed for the reasons set forth above, but petitioner may file an amended petition within 28 days of service of this order only regarding the claim that he was not allowed to be heard at the hearing. Petitioner may wish to provide a copy of the BPH transcript.

Accordingly, IT IS HEREBY ORDERED that the petition is dismissed for the reasons set forth above, but petitioner may file an amended petition within 28 days of service of this order only regarding the claim that he was not allowed to be heard at the hearing. Petitioner may wish to provide a copy of the BPH transcript.

DATED: December 1, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
john2748.parole.scrnII