IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSHAY JOHNSON,

        Petitioner,                         No. CIV S-11-2748 GGH P

   vs.

BOARD OF PAROLE HEARINGS, et al.,        ORDER

        Respondents.

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is before the undersigned pursuant to petitioner's consent. Doc. 3. Petitioner challenges the 2009 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole. On December 2, 2011, the court dismissed several claims in the petition but granted petitioner leave to file an amended petition regarding his claim that he was denied the right to be heard at the BPH hearing. Petitioner has filed an amended petition and a transcript from the BPH hearing.

        A review of the transcript indicates that at the hearing petitioner was present, represented by counsel and both counsel and petitioner presented many, many arguments to the Board and responded to the Board's questions. Thus, it is abundantly clear that petitioner was provided the right to be heard at the hearing. Petitioner argues that even though he was allowed

1

to heard by the Board, he was not allowed to be heard once the Board stated its decision, and therefore his rights were violated.  Petitioner is mistaken.

In <u>Swarthout v. Cooke</u>, ___ U.S. ___, 131 S. Ct. 859, 861 (2011), the Supreme Court held that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." <u>Id</u>., at 862.  Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process:  They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." <u>Id</u>.

In the instant case, petitioner was provided all the process required.  Petitioner has not cited any Supreme Court authority that entitles him a further chance to be heard by the Board after a decision has been issued.  In fact, the Ninth Circuit has held that a petitioner does not have the right to be heard after he is granted parole by the Board, and then the grant is reversed by the governor.  <u>Styre v. Adams</u>, 645 F.3d 1106, 1108-09 (9th Cir. 2011).  The petition is denied.

Accordingly, IT IS HEREBY ORDERED that:

1.   The petition is dismissed for the reasons set forth above and this case is closed.

2.  A certificate of appealability is not issued in this action.

DATED: January 3, 2012

_/s/ Gregory G. Hollows_____
UNITED STATES MAGISTRATE JUDGE

GGH: AB
john2748.ord