IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSHAY JOHNSON,

    Petitioner,                         No. 2:11-cv-2748 GGH P

    vs.

BOARD OF PAROLE HEARINGS, et al.,      ORDER

    Respondents.

_____/

        Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 regarding his denial of parole by the California Board of Parole Hearings (BPH). This action is before the undersigned pursuant to petitioner's consent. Doc. 3. The court denied the petition, declined to issue a certificate of appealability and closed this case, in light of binding Supreme Court authority that foreclosed petitioner's claims, Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Doc. 6. Petitioner has appealed and has filed a motion to proceed in forma pauperis. The motion is denied.

        A party who was permitted to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith. Fed. R.App. P. 24(a)(3). In the instant case, petitioner never filed a motion to proceed in forma pauperis or paid the filing fee in the district

1

court.  Thus, petitioner is not automatically entitled to proceed in forma pauperis on appeal.

Regardless, Fed. R.App. P. 24(a)(3)(A) provides for the denial of an in forma pauperis application if "the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding."

In the instant case, the court finds that this appeal is not taken in good faith.  As stated above and by prior order, petitioner's claims are plainly foreclosed by Swarthout.  Petitioner was provided leave to file an amended petition regarding his claim that he was denied the right to be heard at the BPH hearing, which would be cognizable despite Swarthout.  However, a review of the transcript of the hearing supplied with the amended petition indicated that petitioner was present, represented by counsel and both counsel and petitioner presented many, many arguments to the Board and responded to the Board's questions.  Thus, it is abundantly clear that petitioner was provided the right to be heard at the hearing.

Petitioner also argued that even though he was allowed to be heard at the hearing he was not allowed to be heard after the BPH issued its ruling.  Yet, Ninth Circuit has held that a petitioner does not have the right to be heard after he is granted parole by the Board, and then the grant is reversed by the governor.  Styre v. Adams, 645 F.3d 1106, 1108-09 (9th Cir. 2011).  Similarly, petitioner does not receive an unlimited amount of opportunities to oppose the BPH's decision.  Thus, petitioner's claims are plainly contradicted by the record and foreclosed as a matter of law.  See e.g., Smith v. Grounds, 2012 WL 759475 (9th Cir. March 9, 2012).  For all these reasons, plaintiff's motion to proceed in form pauperis on appeal is denied as the appeal is not in good faith.

\\\\\
\\\\\
\\\\\
\\\\\

1 | Accordingly, IT IS HEREBY ORDERED that:

2 |    1.  Petitioner's motion to proceed in forma pauperis (Doc. 13) is denied;

3 |    2.  The Clerk of the Court shall notify the Ninth Circuit Court of Appeals of this

4 | order.

5 | DATED: August 14, 2012

6 |                /s/ Gregory G. Hollows
        UNITED STATES MAGISTRATE JUDGE

GGH: AB
john2748.ifp